UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:13-CR-67 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| JERMAINE UNDERWOOD | ) | |

**M E M O R A N D U M**

Defendant Jermaine Underwood ("Defendant") filed a motion to suppress evidence and statements resulting from the search of his person, which uncovered a handgun (Court File No. 15). The motion was referred to United States Magistrate Judge Susan K. Lee who, after holding hearings on August 29, 2013 and September 16, 2013, filed a Report and Recommendation ("R&R") concluding that Defendant's motion should be denied (Court File No. 36). Defendant timely objected (Court File No. 37), and the government responded to the objection (Court File No. 38). For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 36). Accordingly, Defendant's motion to suppress will be **DENIED** (Court File No. 15).

## I. RELEVANT FACTS

The following recitation of facts is derived primarily from the Magistrate Judge's R&R. On March 7, 2013 around 4:50 p.m., Officer Colton Krumrie ("Officer Krumrie") of the Chattanooga Police Department responded to a "shots fired" radio dispatch notifying officers of a robbery at the Mercury Cab stand in the 900 block of Dodson Avenue in Chattanooga, Tennessee. Officers closer to the location attended to the crime scene and the wounded victim. Officer Krumrie learned from dispatch and radio communications between officers that the suspects, three black male juveniles, fled on foot. One had a .9mm handgun. Based on his training and experience, Officer Krumrie thought the suspects likely fled to either the Avondale Recreation Center ("Rec. Center") or the

Woodland Apartments, both near the crime scene.

Entering the Rec. Center around 5 p.m., Officer Krumrie found a group of around eight black male juveniles in a room separated from the basketball court with a glass partition. No one responded when asked about the robbery. Officer Krumrie radioed dispatch for more information about the suspects and was told that the first, who was short and heavy, wore a blue shirt or jacket and khaki pants; the second was taller and had a flattop hair cut; and the third wore khaki shorts. Two present, Defendant and his brother, met the description of the first and third suspects. Defendant's brother was not heavy, but he was rather short and was wearing a blue shirt and khaki pants. And Defendant was the only person in the room wearing khaki shorts. After patting down Defendant's brother, Officer Krumrie patted down Defendant and felt a hard object, which turned out to be a loaded revolver (not the weapon used in the robbery).[1] Officer Krumrie placed Defendant under arrest. On the way to jail, Defendant made several incriminating statements, including that he had a significant amount of marijuana in his pocket.

Defendant was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). Defendant filed the instant motion to suppress all evidence and statements on the ground that his Fourth Amendment rights were violated when he was frisked without reasonable suspicion that he was armed and had recently engaged in criminal activity. The motion was referred to Magistrate Judge Susan K. Lee, who held two hearings on the motion. The

[1] In the first hearing, Officer Krumrie testified Defendant consented to this search. During the second hearing, however, it came to light that Officer Krumrie testified in a pervious state proceeding, soon after Defendant's arrest, that he found the gun during a *Terry* frisk, not a consent search. The Magistrate Judge found the search occurred pursuant to a *Terry* frisk, but observed that Officer Krumrie's testimony during the federal and state proceedings were otherwise consistent and credible.

Magistrate Judge then filed an R&R recommending the motion be denied. The Magistrate Judge found credible Officer Krumrie's testimony that Defendant's brother wore khaki pants and Defendant was the only male in the Rec. Center room wearing khaki shorts. The Magistrate Judge concluded that Officer Krumrie had reasonable suspicion that Defendant had been involved in the armed robbery and was presently armed. *See United States v. Stennis*, 457 F. App'x 494, 499 (6th Cir. 2012) (recognizing the Fourth Amendment allows an officer to briefly detain and frisk a person if the officer has reasonable suspicion that the person is engaged in criminal activity and is armed) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

Defendant filed a timely objection to the R&R and the government responded. Defendant objects to the Magistrate Judge's finding that Officer Krumrie was more credible than witness Veronica Glasco, a Rec. Center employee. Specifically, Defendant objects to the Magistrate Judge's findings, based on Officer Krumrie's testimony, that Defendant's brother was wearing khaki pants and Defendant was the only male in the room wearing khaki shorts.

## II. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C). But *de novo* review does not require the district court to rehear witnesses whose testimony has been evaluated by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). The Magistrate Judge, as the factfinder, had the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine credibility. *See Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264-65 (6th Cir. 1999). The Magistrate Judge's assessment of witnesses'

testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

## III. DISCUSSION

Defendant's only objection is that the Magistrate Judge erred in finding Officer Krumrie credible in his testimony that Defendant's brother wore khaki pants and Defendant was the only male wearing khaki shorts. Defendant argues the Magistrate Judge should have found Glasco more credible than Officer Krumrie when she testified that other males in the Rec. Center were wearing khaki shorts.[2] Defendant concludes that "[b]ecause he was not distinguishable from other young black males at the Center as being one of the sought robbers," there was no reasonable suspicion to stop and frisk him.

Defendant reasons that Officer Krumrie's entire testimony should be found not credible because his testimony at the federal suppression hearings regarding whether he received consent to pat down Defendant was inconsistent with his earlier state court testimony, in which he testified that he neither asked for nor received consent. Defendant states that "it was proven in the [second] hearing that Officer Krumrie was making up answers" (Court File No. 37).

The Court does not find this argument persuasive. That Officer Krumrie may have been mistaken on one factual issue does not preclude the Magistrate Judge from properly finding him

[2] Defendant also argues that Glasco's testimony that Officer Krumrie was accompanied by another officer should have been found credible instead of Officer Krumrie's testimony that he was alone. The Court fails to see how this dispute would effect the reasonable suspicion analysis. Instead, it simply provides further evidence that the witnesses' testimony conflict. But given that the Magistrate Judge found Krumrie credible, and that there was no additional evidence showing two officers were present, the dispute does not weaken Officer Krumrie's overall credibility.

credible on others. Furthermore, Defendant has not explained why Glasco's testimony was more credible and deserved more deference than Officer Krumrie's. Also, the Court notes that because the Magistrate Judge had the opportunity to observe and hear the witnesses and assess their demeanor, she was in the best position to determine credibility. *See Moss*, 286 F.3d at 868; *Hill*, 195 F.3d at 264-65. Her assessment of the witnesses' testimony is therefore entitled to deference. *Irorere*, 69 F. App'x at 236 (6th Cir. 2003). Defendant has failed to provide sufficient reason for the Court to not defer to the Magistrate Judge's finding that Officer Krumrie's testimony regarding the dress of individuals at the Rec. Center was more credible than Glasco's.

Because Defendant and his brother matched the descriptions of suspects in a nearby armed robbery, the officer's pat down, which uncovered a loaded revolver, was properly based on reasonable suspicion that Defendant was involved with the robbery and was presently armed.

## IV. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 36). Defendant's motion to suppress will be **DENIED** (Court File No. 15).

An Order shall enter.

***/s/***
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**